IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - KZ
June 20, 2008 4:23 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY__rlw__/_____

APPLE INC., a California Corporation

    Plaintiff,

v.

NICHOLAS WOODHAMS,
an Individual,

    Defendant.

Case No: 08-

The Honorable

1:08-cv-597
Janet T. Neff, U.S. District Judge

_____/

Larry J. Saylor (P28165)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 496-7986
saylor@millercanfield.com
*Attorney for Plaintiff*

Matthew F. Leitman (P48999)
Miller Canfield Paddock & Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098-6358
248-267-3294
leitman@millercanfield.com
*Attorney for Plaintiff*

James L. Liggins, Jr. (P66816)
Miller, Canfield, Paddock & Stone, P.L.C.
277 South Rose Street, Suite 5000
Kalamazoo, MI 49007
(269) 381-7030
liggins@millercanfield.com
*Attorney for Plaintiff*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Apple Inc., for its Complaint against Defendant Nicholas Woodhams says as follows:

1

## I. Introduction

1. Defendant Nicholas Woodhams ("Woodhams") perpetrated at least two fraudulent schemes against Plaintiff Apple Inc. ("Apple"), by which Woodhams effectively stole iPods and iPod repair parts from Apple and resold and/or reused those iPods and parts through his website. In addition, Woodhams breached a written agreement with Apple under which he obligated himself to cease all use of Apple's iPod trademark. Apple is entitled to a monetary judgment against Woodhams, to an order of specific performance compelling Woodhams to fulfill his obligation to discontinue all use of the iPod mark, and to an injunction permanently barring Woodhams from further fraudulent activity in connection with any of Apple's sales, service or replacement programs.

## II. The Parties and Jurisdiction

2. Apple is a California corporation with its principal place of business in Cupertino, California.

3. Upon information and belief, Woodhams is a citizen of the State of Michigan who resides in or around Kalamazoo County, Michigan.

4. This Court has jurisdiction over this matter under 28 U.S.C § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this Court based on 28 U.S.C. § 1391(a)(1), because, upon information and belief, Woodhams resides in this judicial district.

### III. General Allegations

**A. Woodhams Defrauded Apple in Connection With Apple's iPod Shuffle Replacement Program**

6. Woodhams executed two fraud schemes against Apple. His first scheme related to Apple's iPod Shuffle Advance Replacement Program (the "Replacement Program").

7. The Replacement Program worked as follows:

   A. A consumer with an iPod Shuffle that needed repair would log on to Apple's website to request service.

   B. Apple required the consumer to provide an address and a valid credit card number and/or debit card number. Apple would authorize, but not charge, an amount on the credit/debit card provided by the consumer. At that point, Apple would ship a replacement Shuffle to the consumer.

   C. The consumer was required to send the Shuffle that needed repair to Apple within ten days. If the consumer failed to send the Shuffle that needed repair within the ten-day period, Apple would charge the credit/debit card the full price of the replacement Shuffle that Apple had sent to the consumer. If the consumer timely sent the Shuffle that needed repair, Apple did not charge any amount to the consumer's credit/debit card for the replacement Shuffle.

8. Throughout at least 2007, Woodhams fraudulently manipulated the Replacement Program and wrongfully obtained replacement Shuffles without sending Shuffles needing repair and/or paying for the replacement Shuffles, as required under the Replacement Program.

9. In order to perpetrate this fraud scheme, Woodhams and/or individuals working at his direction and/or in concert with him:

3

A. Accessed the Replacement Program portion of Apple's website and then entered Woodhams' name or some other name and falsely indicated that the named person had an iPod that needed repair; and

B. Entered a credit/debit card number and falsely represented to Apple that the credit/debit card number was for a viable and sufficient credit account to which Apple could charge the cost of a replacement device, if necessary, knowing that the credit/debit card number provided would allow the authorization of a charge but would not allow the actual charge when Woodhams failed to send the allegedly defective iPod to Apple.

10. In reliance on the false representations made by Woodhams and/or those acting at his direction, Apple sent replacement iPods to Woodhams and to those acting in concert with him.

11. Woodhams and/or those acting in concert with him did not return, and never planned to return, to Apple the allegedly malfunctioning iPods they claimed to have.

12. When Woodhams and the others failed to return the allegedly malfunctioning iPods, Apple attempted to charge their credit/debit accounts for the cost of the devices that Apple had shipped. However, Apple was unable to assess these charges because the credit/debit accounts provided by Woodhams and those acting in concert with him did not have sufficient available credit and/or funds. Woodhams and those acting in concert with him then sold the replacement iPod Shuffles on the website iPodMechanic.com at a discounted price compared to genuinely new iPod Shuffles, representing the replacement products as new and without disclosing that the replacements/refurbished units (1) did not have the full warranty of genuinely new

4

products, and/or (2) did not come with the same packaging, documentation and/or accessories as the genuinely new products.

13. As a result of Woodhams' fraud scheme, Apple lost more than $75,000.00.

**B. Woodhams Defrauded Apple in Connection With Apple's iPod Warranty Service Program**

14. Woodhams' fraud against Apple extended beyond his manipulation of the Replacement Program. He also targeted Apple's warranty service program.

15. Under Apple's warranty service program, Apple repaired and/or replaced iPods that were not functioning properly at no charge provided that: (a) the warranty that covered the iPod was still in effect; and (b) the problem with the iPod was covered by the applicable warranty. If the warranty on a malfunctioning iPod remained in effect, Apple repaired and/or replaced the iPod under warranty. If the warranty had expired, Apple would offer the repairs and/or replacement at a charge.

16. Woodhams and those acting at his direction and/or in concert with him fraudulently induced Apple to repair iPods without charge despite the fact that that these iPods were no longer eligible for warranty repairs. They did this by, among other things, falsely representing to Apple that the iPods' warranties were still in effect by affixing serial numbers from in-warranty iPods onto out-of-warranty iPods. Specifically, for example, they replaced the back casing of the out-of-warranty iPod with the back casing of an in-warranty iPod, in order to deceive Apple into believing that the unit was in warranty.

17. Apple relied upon the false representations by Woodhams and those acting at his direction and/or in concert with him by repairing or replacing at no charge iPods that were not eligible for such free repairs or replacement. Apple suffered damages as a result of providing these repairs or replacements.

### C. Woodhams Breached a Contract Not to Use Apple's Marks

18. In addition to defrauding Apple, Woodhams breached a contract with Apple under which he agreed not to use Apple's marks. The breach occurred as follows:

19. In 2006, Apple learned that Woodhams was using Apple's iPod mark in the name of a business he was operating: iPod Mechanic (a/k/a iPodMechanic.com). Through this business, Woodhams offered, among other things, to repair broken iPods.

20. Woodhams was not authorized by Apple to make any use of the IPOD or POD marks.

21. In 2006, Apple sent a cease and desist letter to Woodhams in which it demanded that he immediately cease any and all use of the IPOD and POD marks.

22. On or about November 20, 2006, Woodhams executed an agreement with Apple under which he promised to stop using the Apple marks (the "No Use Agreement"). (A copy of the No Use Agreement is attached hereto as Exhibit A.)

23. Notwithstanding Woodhams' clear promise to refrain from using Apple's marks by January 1, 2007 (with the sole exception that he could use the ipodmechanic.com domain name until March 1, 2007), Woodhams has continued unlawfully to use Apple's marks up through the present.

## Count I – Fraudulent Misrepresentation

24. Apple incorporates by reference the allegations in paragraphs 1-23 above.

25. Woodhams and those acting at his direction and/or in concert with him knowingly and intentionally made false representations to Apple.

26. Woodhams intended that Apple would rely on the misrepresentations, and Apple did rely on those misrepresentations.

27. Apple has suffered in excess of $75,000.00 in damages plus costs and attorney fees as a result of its reliance on the material misrepresentations made by and at the direction of Woodhams.

## Count II – Statutory Conversion

28. Apple incorporates by reference the allegations in paragraphs 1-27 above.

29. The iPods provided to Woodhams, and the others acting at his direction and in concert with him, belonged to Apple.

30. Woodhams had knowledge that the iPods belonged to Apple.

31. Woodhams converted the IPODS that belonged to Apple by wrongfully exercising dominion and control over them.

32. Apple has suffered in excess of $75,000.00 in damages, plus costs and attorney fees as a result of Woodhams wrongful conversion of its property.

33. Woodhams has effected a statutory conversion pursuant to M.C.L. § 600.2919(a).

34. Pursuant to M.C.L. § 600.2919(a), Apple is entitled to an award of treble damages plus costs and attorney fees against Woodhams.

7

## Count III – Breach of Contract; Specific Performance

35.     Apple incorporates by reference the allegations in paragraphs 1-34 above.

36.     Woodhams has breached the No Use Agreement by, among other things, continuing to use the domain name ipodmechanic.com and continuing to operate the ipodmechanic.com website.

37.     Apple and Woodhams were parties to a valid and binding contract: namely, the No Use Agreement.

38.     Woodhams materially breached the No Use Agreement and is continuing to breach that agreement.

39.     Apple lacks an adequate remedy at law for Woodhams' past and continuing breaches of the No Use Agreement. The only effective remedy for Woodhams' past and continuing breaches of the No Use Agreement is an order of specific performance compelling Woodhams to perform all of his obligations under the No Use Agreement.

40.     Apple fully complied with its obligations under the No Use Agreement.

## Conclusion

WHEREFORE, Apple respectfully requests that this Court enter a judgment in its favor and against Woodhams and that said judgment award Apple its actual damages, treble damages, costs, attorney fees, and any other relief deemed appropriate. Apple further respectfully requests that this Court enter an order specifically requiring Woodhams to comply with all of his obligations under the No Use Agreement, including but not limited to his obligation to refrain from making any use of the iPod and POD trademarks. Finally, Apple requests that this Court permanently enjoin Woodhams from

further fraudulent activity in connection with any of Apple's sales, service, and/or replacement programs.

        Respectfully submitted,

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: _/s/ James L. Liggins, Jr._
     Larry J. Saylor (P28165)
     150 West Jefferson, Suite 2500
     Detroit, MI 48226
     (313) 496-7986
     saylor@millercanfield.com
     *Attorney for Plaintiff*

     Matthew F. Leitman (P48999)
     840 West Long Lake Road, Suite 200
     Troy, MI 48098-6358
     (248) 267-3294
     leitman@millercanfield.com
     *Attorney for Plaintiff*

     James L. Liggins, Jr. (P66816)
     277 South Rose Street, Suite 5000
     Kalamazoo, MI 49007
     (269) 381-7030
     liggins@millercanfield.com
     *Attorney for Plaintiff*

Dated: June 20, 2008