UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

APPLE INC.

    Plaintiff,

v.

NICHOLAS WOODHAMS,

    Defendant.

Case No.: 1:08-cv-0597

Honorable Janet T. Neff
U.S. District Judge

_____/

| | |
|---|---|
| Larry J. Saylor (P28165) | Randall S. Levine (P30672) |
| Matthew F. Leitman (P48999) | Levine & Levine |
| James L. Liggins, Jr. (P66816) | 427 S Burdick Street |
| Miller, Canfield, Paddock and Stone, PLC | Kalamazoo, Michigan 49007 |
| 277 South Rose Street, Suite 5000 | Telephone: (269) 382-0444 |
| Kalamazoo, Michigan 49007 | randalllevine@levine-levine.com |
| Telephone: (269) 381-7030 | *Attorney for Defendant* |
| saylor@millercanfield.com | |
| leitman@millercanfield.com | |
| liggins@millercanfield.com | |
| *Attorneys for Plaintiff* | |

_____/

## STIPULATED PROTECTIVE ORDER

    At a session of said Court, held in
the Courthouse in Grand Rapids,
Michigan on _____

    PRESENT:    HONORABLE JANET T. NEFF

The parties having stipulated to the entry of this Protective Order and the Court being otherwise advised in the premises,

**IT IS HEREBY ORDERED THAT,**

1. Introduction and Scope.

This Protective Order shall govern any designated record or information produced in this action, including all documents designated as confidential, all designated portions of deposition testimony, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery or as a part of any disclosure required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence or local Court rule (collectively, "Federal Rules").

2. Designation

Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document or portion of any document produced or prepared by it in this litigation which the producing party deems to contain proprietary, confidential, commercially sensitive, or trade secret data or other information, including without limitation technical, employee, business, financial, privacy, and other proprietary information ("Confidential Information"). Each party shall also have the right to designate as Confidential Information and subject to this Protective Order any thing, information, document or portion of any document produced or prepared by it in this litigation as to which it has claimed a privilege but for which the Court orders production. The confidential designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL, at or before production to the receiving party.

Since discovery has already begun in this matter, each party may retroactively designate as confidential any item already produced before the entry of this Protective Order, and the same standards set forth in the preceding paragraph apply. Further, in the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

3. Limit on Use of Confidential Information.

No party or other person bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order for any purpose other than the prosecution, defense or settlement of the above-captioned action.

4. <u>Use of "Confidential" Material; Court Filings</u>.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party to:

    a.    attorneys who represent the receiving party, including outside and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated;

    b.    experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this matter, and subject to Paragraph 5 hereof;

    c.    the parties to this action; and

    d.    witnesses who provide sworn testimony in this case.

No documents or information designated as CONFIDENTIAL shall be disclosed to any person except as otherwise provided in or permitted by this Protective Order.

In the event that any party files a paper with the Court that references Confidential Information (including deposition transcripts classified as Confidential) and/or includes Confidential Information (including deposition transcripts classified as Confidential) as an exhibit or attachment, that party shall file under seal the portions of the paper containing or referencing Confidential Information (including deposition transcripts classified as Confidential). Alternatively, in order to avoid any risk of inadvertent disclosure of Confidential Information, the parties may file any paper under seal in its entirety if they conclude that there is a risk of disclosing Confidential Information.

5. <u>Identification of Experts and Other Witnesses</u>.

A party desiring to disclose Confidential Information designated CONFIDENTIAL to outside experts (whether acting as testifying experts or non-testifying consultants) and to non-party witnesses under Paragraph 4 hereof shall first obtain from such person a signed agreement to comply with this Protective Order, in the form of Exhibit A. The witness, expert, or consultant shall not give, show, or otherwise divulge any of the Confidential Information to any entity or person except as specifically provided for by this Protective Order.

6. Related Documents.

Confidential Information designated CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such information; (b) deposition testimony designated in accordance with Paragraph 7 hereof; (c) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; and (d) portions of affidavits, briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it.

7. Designation of Deposition Transcripts.

A Party may designate portions of a deposition transcript, as well as exhibits produced in the deposition, which have not otherwise been designated pursuant to this Protective Order, as subject to this Protective Order either:

a. at the time of such deposition, in which case the transcript of the designated testimony and/or exhibit shall be marked CONFIDENTIAL by the reporter, or

b. within two weeks after the deposition by providing written notice to the reporter and opposing counsel of record, in which case opposing counsel shall mark any and all copies or portions of the designated transcript that are in or come into their possession or under their control as CONFIDENTIAL.

8. Disclosure to Author or Recipient.

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel from disclosing any document, whether designated as CONFIDENTIAL, to any person whom the document clearly identifies as the author or a recipient of such document, but only for the purposes set forth in Paragraph 3 hereof. The person viewing such documents shall not be permitted to retain copies of any of the documents, unless that person is authorized to do so under other provisions of this Protective Order.

9. Confidentiality of Party's Own Documents.

No person may disclose any Confidential Information, except as provided in this Protective Order; but nothing herein shall affect the right of a party to disclose Confidential Information which it designated as CONFIDENTIAL to its officers, directors, or its employees. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of this Protective Order.

10. <u>Variance from Protective Order; Modification of Protective Order</u>.

Subject to approval of the Court, this Protective Order may be modified by written stipulation of the parties.

With or without approval of the Court, the parties may agree at any time by written stipulation to handle or treat certain Confidential Information in a way that otherwise might be at variance with this Protective Order. If the parties cannot agree on the terms of said stipulation, any party may file a motion to seek the Court's intervention.

11. <u>Limitation of Protective Order</u>.

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules.

12. <u>Other Protections; Challenge to Confidentiality Designation</u>.

This Protective Order shall not preclude any party from seeking and obtaining from the Court, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. No party shall be precluded from: (a) claiming to the Court that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting disclosure or use of Confidential Information otherwise prohibited by this Protective Order; or (c) applying to the Court for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

13. <u>Non-Party Confidential Information</u>.

The terms of this Protective Order shall be applicable to Confidential Information obtained from a non-party, and such information produced in connection with this action shall be protected by the provisions of this Protective Order. Such a non-party shall have: (a) the same right as a party to designate any such information under this Protective Order; and (b) standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

14. <u>Return of Designated Information</u>

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all Confidential Information designated as CONFIDENTIAL, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts and summaries thereof, to the party from whom the such designated Confidential Information was obtained, except that any documents or copies which contain or constitute attorney's work product may be retained by counsel, or destroyed.

15. <u>Waiver or Termination of Protective Order</u>.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

16. <u>Continuing Jurisdiction</u>.

This Protective Order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

17. <u>Paragraph Captions</u>.

The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Protective Order.

**IT IS SO ORDERED.**

Dated:_____

JANET T. NEFF
UNITED STATES DISTRICT JUDGE

**STIPULATED AS TO FORM AND CONTENT:**

| /s/ James L. Liggins, Jr. | /s/ Randall S. Levine with consent |
|---|---|
| Larry J. Saylor (P28165) | Randall S. Levine (P30672) |
| Matthew F. Leitman (P48999) | Levine & Levine |
| James L. Liggins, Jr. (P66816) | 427 S Burdick Street |
| Miller, Canfield, Paddock and Stone, PLC | Kalamazoo, Michigan 49007 |
| 277 South Rose Street, Suite 5000 | Telephone: (269) 382-0444 |
| Kalamazoo, Michigan 49007 | randalllevine@levine-levine.com |
| Telephone: (269) 381-7030 | *Attorney for Defendant* |
| saylor@millercanfield.com | |
| leitman@millercanfield.com | |
| liggins@millercanfield.com | |
| *Attorneys for Plaintiff* | |

# EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

<u>Apple Inc. v. Nicholas Woodhams;
W.D. Mich. Case No. 1:08-CV-00597</u>

UNDERTAKING OF _____.

1. My address is _____.

My present occupation is _____.

2. I have received a copy of the Protective Order in the above-captioned case and any amendments thereto, and I have carefully read and understand its provisions. I consent to jurisdiction of the United States District Court for the Western District of Michigan, solely for the purpose of enforcing the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, and will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purpose of this action, any documents or things marked CONFIDENTIAL which I receive in this action, except as allowed in accordance with the Protective Order.

4. Upon final termination of this action, I will return all Confidential Information designated as CONFIDENTIAL which is in my possession, custody, or control, including all copies, extracts and summaries thereof, to counsel who retained me.

5. I declare under penalty of perjury under the laws of the United States of America and the State of Michigan that the foregoing is true and correct.

Executed on this date _____, at _____.

By: _____.

KZLIB:586332.1\136201-00001